UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MELISSA HUGHES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11cv2044 TCM |
| | ) |
| **K-V PHARMACEUTICAL CO.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case began when a complaint was filed in the St. Louis County Circuit Court for the State of Missouri by Melissa Hughes against K-V Pharmaceutical Company (K-V) in August 2011. After K-V prevailed on a motion to dismiss, the complaint was amended and then removed by K-V to federal court on the grounds of federal question jurisdiction. Specifically, K-V contended that Plaintiff's allegations that she is owed damages arising from her inability to exercise her stock purchase options under K-V's incentive stock option plan are claims under the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461.

Moving to remand, Plaintiff argued that her claims do not arise under, or require an interpretation of, ERISA. In its memorandum opposing the motion, K-V "expressly denie[d] that the disputed stock options are ERISA benefits and that they are subject to an ERISA plan." (Def. Mem. at 6, ECF No. 11.) Rather, the stock options are governed by the Internal Revenue Code. (Id.) K-V agreed, however, to consent to a remand if Plaintiff stipulates that (1) the disputed stock options are not ERISA benefits, (2) the stock incentive plan is not an

ERISA plan, and (3) Plaintiff will not seek to avoid the terms of the General Release based on any such arguments "and/or paragraph 4(c) of the General Release."[1]  (Id. at 7.)

Noting that Plaintiff had failed to file a memorandum in support of her motion, as required by Local Rule 7-401(A), the Court granted Plaintiff up to and including February 27, 2012, within which to do so.  Instead, Plaintiff filed a motion to amend her complaint and to remand, again failing to file a supporting memorandum.  Plaintiff argues in her motion that her proposed amended complaint complies with K-V's proffered stipulation and "dispenses with the suggestion that Plaintiff's stock option claims is [sic] a claim under ERISA."  (Pl. Mot. ¶ 3, ECF No. 18.)

K-V counters that, based on Plaintiff's representations, it does not oppose Plaintiff's motion *if* an order remanding the case makes it clear that, by requesting a remand, Plaintiff is stipulating to the three concessions outlined by K-V.  (Def. Mem. at 2-3, ECF No. 19.)

Plaintiff has requested a remand on the grounds that her allegations do not implicate any ERISA rights and that her amended complaint complies with the conditions K-V has placed on its consent to a remand.  As noted by K-V, Plaintiff has not unambiguously stipulated to those conditions.  Absent a clear indication by Plaintiff that she is stipulating to the conditions, the Court declines to include them in an order of remand.  On the other hand, Plaintiff will not be permitted to seek a remand on one position and then alter that position to K-V's detriment when again in state court.

---

[1] The General Release is not included in the court file.

Accordingly, Plaintiff will be granted seven days, up to and including **April 2, 2012**, within which to withdraw her motion to amend her complaint and for remand.  Plaintiff is expressly cautioned that a failure to do so will be interpreted as a stipulation to the three conditions set forth by K-V as a basis for its failure to object to a remand and that the doctrine of judicial estoppel will foreclose any change in position on the three conditions when again in state court.  See **Owens v. ContiGroup Cos., Inc.**, 344 S.W.3d 717, 727 (Mo. Ct. App. 2011) ("[J]udicial estoppel is in essence utilized to prevent a party from taking contradictory positions in situations where the party has actually received some sort of outcome or resolution (whether it be beneficial or merely decided on the merits in a prior proceeding)."). See also **In re Contest of Primary Election Candidacy of Fletcher**, 337 S.W.3d 137, 146 (Mo. Ct. App. 2011) ("Missouri courts in particular have consistently refused to allow litigants to take contrary positions in separate proceedings to ensure the integrity of the judicial process.").

Should Plaintiff fail to withdraw her motion to amend her complaint and for remand on or before April 2, 2012, her motion will be granted and her case will be remanded on the basis that she has agreed to K-V's three conditions.

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of March, 2012.